Filed 7/3/25  Whitworth v. Merrell CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JIM O. WHITWORTH, | |
| Plaintiff and Appellant, | G063210 |
| v. | (Super. Ct. No. 30-2022-01251868) |
| JASON MERRELL et al., | |
| Defendants and Respondents. | O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Craig L. Griffin, Judge. Affirmed. Motion to strike portions of Appellant's Appendix. Granted.

Jim O. Whitworth, in pro. per., for Plaintiff and Appellant.

Vivoli Saccuzzo and Jason P. Saccuzzo for Defendants and Respondents.

\* \* \*

Plaintiff and Appellant Jim O. Whitworth is an attorney who represented Defendant and Respondent Jason Merrell in a lemon law action against Ford Motor Company. The attorney-client relationship between Whitworth and Merrell soured and eventually ended in acrimony. Whitworth sued Merrell and Coast Motoring (together, Defendants) for quantum meruit and four tort causes of action. Defendants responded with a special motion to strike the quantum meruit and three of the four tort causes of action under the anti-SLAPP statute, Code of Civil Procedure section 425.16.[1]

The trial court denied Defendants' anti-SLAPP motion as to the quantum meruit cause of action and granted the motion as to three tort causes of action. Whitworth appealed. We conclude Whitworth's tort causes of action arise out activity protected under the anti-SLAPP statute and Whitworth did not meet his burden of making a prima facie factual showing sufficient to sustain a favorable judgment. We therefore affirm.

ALLEGATIONS OF THE COMPLAINT

In his complaint, Whitworth alleged:

Whitworth agreed to represent Merrell in a lemon law action against Ford Motor Company in reliance on representations made by Merrell that he had purchased a Ford F-350 truck from an entity called CJacks Autos, Inc. in May 2017. Merrell had purchased the truck as a consumer, and repairs to the truck had been done under warranty from Ford. Merrell and

---

[1] "SLAPP" is an acronym for "strategic lawsuit against public participation." (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 57.) Further statutory references are to the Code of Civil Procedure unless otherwise stated. We refer to section 425.16, subdivision (b)(1) as section 425.16(b)(1), section 425.16, subdivision (e) as section 425.16(e), and 425.16, subdivision (f) as section 425.16(f). We refer to the special motion authorized by section 425.16(b)(1) as an anti-SLAPP motion.

Coast Motoring created a sham contract to "falsify the purchase" and created "a fraudulent service contract with [Huntington Beach] Ford pretending this was part of the original sale. . . ."

Merrell failed to disclose that (1) he was not a consumer but was in the business of purchasing automobiles at auctions, (2) Merrell had purchased the Ford F-350 truck from Manheim Auctions, and (3) Merrell purchased vehicles for Huntington Beach Ford and had a business relationship with its general manager. The complaint alleges Whitworth would not have agreed to represent Merrell had "[Whitworth] known the truth about the origination and repairs of the vehicle that was the subject of the representation."

Whitworth agreed to perform legal services on Merrell's behalf at Whitworth's market rate of $675 per hour. In June 2020, Whitworth filed a lawsuit on Merrell's behalf against Ford Motor Company and Huntington Beach Ford.

After Whitworth filed the lawsuit against Ford Motor Company and Huntington Beach Ford, Merrell continued to make misrepresentations, did not pay costs of suit incurred, and undertook actions to deny Whitworth his fees. When Whitworth confronted Merrell about his communications and continued relationship with Huntington Beach Ford, Merrell "repeatedly agreed to follow the advice of counsel and requested the continued legal services by Whitworth and promised he was not doing or would cease his conflicting activities."

Merrell and Coast Motoring rejected an offer from Ford to repurchase the Ford F-350 truck and pay $8,500 in attorney fees. Merrell and Coast Motoring provided sham invoices to show additional damages of over $30,000. Merrell allegedly learned "Ford was going to discover his fraud then

defrauded Whitworth and demanded he not seek his attorney fees and costs as a result of the fraud." (Some capitalization omitted.) Whitworth was able to resolve the lawsuit against Ford as Merrell had requested but "[he] accused Whitworth of doing things wrong, behind his back, not disclosing offers, not representing his best interest, and other misdeeds to damage Whitworth's reputation because of Merrel[l]'s own misdeeds." (Some capitalization omitted.)

Whitworth asserted five causes of action. The first cause of action for quantum meruit, and the second cause of action is for fraud. The third and fourth causes of action appear to be identical and are amalgams of intentional interference with prospective economic advantage and violations of Business and Professions Code section 17200. The fifth cause of action is for negligent interference with prospective economic advantage.

PROCEDURAL HISTORY

I.

FEE ARBITRATION

After the complaint was filed in March 2022, Defendants brought a motion pursuant to the Mandatory Fee Arbitration Act, Business and Professions Code section 6200 et seq. (the MFAA), to dismiss the action and alternatively to stay the action and compel arbitration pursuant to Business and Professions Code section 6201. The motion was noticed to be heard on July 7, 2022. Defendants brought an ex parte application to stay the action pending the hearing on the motion and alternatively to stay discovery pending the hearing on July 7. The trial court granted Defendants' ex parte application to stay discovery until July 7, 2022.

The trial court did not rule on the motion to stay the action until October 3, 2022. On that day, the trial court ordered the parties to mandatory

4

fee arbitration and stayed the action in its entirety pending the outcome of the arbitration.

The arbitration panel issued its decision on June 19, 2023 and served it on June 29. At a review hearing on August 18, 2023, the trial court lifted the stay. Defendants filed their anti-SLAPP motion on August 30, 2023.

## II.

### DEFENDANTS' ANTI-SLAPP MOTION

Defendants' anti-SLAPP motion was directed to the first four causes of action.[2] In support of their anti-SLAPP motion Defendants submitted a declaration from Merrell which reviewed a series of text and e-mail communications between Merrell and Whitworth made in preparation for filing the lawsuit and during the course of the litigation against Ford Motor Company and Huntington Beach Ford.

Whitworth argued in opposition that the motion was untimely, the motion did not include Coast Motoring, sufficient notice of the motion was not given, none of his causes action arose out of protected activity, and "there is no evidence Plaintiff can't prevail." (Boldface and some capitalization omitted.)

The trial court rejected Whitworth's procedural arguments. The court denied the anti-SLAPP motion with respect to the quantum meruit count and otherwise granted the motion. According to a notice of entry of order filed by Defendants, the court granted the motion with respect to the second, third, and fourth causes of action. The court's minute order states, however, "[t]he court hereby strikes COA Nos. 2, 3, 4 and **grants and**

---

[2] The motion was not directed to the fifth cause of action, for negligent interference with prospective economic advantage.

5

**strikes COA 5 (Modified portion)** from the Complaint. *COA No. 1 and 5 remain.* Defendants are ordered to file an answer to the remaining causes. . . .” (Bold in original; italics added.) Neither appellate brief explains what the bolded language means.

Whitworth appealed. Defendants filed a notice of appeal to challenge the denial of the anti-SLAPP motion as to the quantum meruit cause of action. We dismissed Defendants' appeal on procedural grounds.

DISCUSSION

I.

DEFENDANTS' MOTION TO STRIKE PORTIONS OF THE
APPELLANT'S APPENDIX

Defendants move to strike exhibit Nos. 10 and 19 from the Appellant's Appendix. Those exhibits are: (1) Merrell's arbitration brief filed in connection with arbitration of Whitworth's fee claim under Mandatory Fee Arbitration Act (exhibit No. 10) and (2) Whitworth's petition to confirm arbitration award (exhibit No. 19). Defendants argue those two items should be stricken because they were not submitted to the trial court in connection with Defendants' anti-SLAPP motion. Whitworth did not oppose the motion.

We grant the motion to strike. “‘[W]hen reviewing the correctness of a trial court's judgment, an appellate court will consider only matters which were part of the record at the time the judgment was entered.’” (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn.3.) Neither Merrell's arbitration brief nor Whitworth's petition to confirm arbitration award was presented to the trial court in support of or in opposition to Defendants' anti-SLAPP motion. Neither document bears a file stamp to indicate whether and when it was filed in the Superior Court. The

6

arbitration bears a caption page for the mandatory fee arbitration, not Whitworth's lawsuit, and the petition to confirm arbitration award was signed by Whitworth on February 2, 2024, four months after the trial court issued its order granting in part and denying in part Defendants' anti-SLAPP motion.

We therefore order stricken from the Appellant's Appendix exhibit 10 (volume 1, pages 202 through 216) and exhibit No. 19 (volume 2 pages 426 through 463).

## II.

### PROCEDURAL ARGUMENTS

#### A. *Coast Motoring*

Whitworth argues "[i]t is undisputed Coast Motoring did not file an Anti-SLAPP Motion." ~(AOB 10 )~ The notice of Defendants' anti SLAPP motion states "Defendants Jason Merrell and Coast Motoring ("Defendants"), will, and hereby do, move this Court for an Order pursuant to Code of Civil Procedure section 425.16. . . ." ~(2 AA 218)~ Whitworth sued both Merrell and Coast Motoring and alleged no conduct of Coast Motoring separate and apart from that of Merrell.

#### B. *Timeliness*

Whitworth contends Defendants' anti-SLAPP motion was untimely under Code of Civil Procedure section 425.16(f), which states an anti-SLAPP motion "may be filed within 60 days of the service of the complaint or, in the court's discretion, at any later time upon the terms it deems proper." We conclude the motion was timely.

Whitworth's complaint was filed on March 28, 2022. A proof of service of summons reflects substitute service on April 7, 2022. On April 29,

7

2022, Defendants moved to dismiss or stay the action pursuant to the MFAA. The trial court granted Defendants' ex parte application to stay discovery until July 7, 2022, the notice hearing date. For some reason, the trial court did not rule on the motion to stay the action until October 2. On that day, the trial court ordered the parties to mandatory fee arbitration and stayed the action in its entirety pending the outcome of the arbitration.

The arbitration panel issued its decision in June 2023. At a review hearing on August 18, 2023, the trial court lifted the stay. Defendants filed their anti-SLAPP motion on August 30, 2023, which was 22 non-stayed days after service of the complaint and 12 non-stayed days after the stay was lifted, well under the 60-day deadline of section 425.16(f).

Although the trial court initially stayed only discovery, under Business & Professions Code section 6201, subdivision (b), "the client may stay the action or other proceeding *by serving and filing* a request for arbitration. . . ." (Italics added.) In the order granting Defendants' anti-SLAPP motion, the trial court acknowledged "it appears the action should have been stay[ed] in its entirety as of the filing of the motion to stay and compel arbitration" and "[t]he stay reasonably should have tolled the time to bring the [anti-SLAPP] Motion."

In addition, the 60-day deadline to file an anti-SLAPP motion is not jurisdictional. (*Lam v. Ngo* (2001) 91 Cal.App.4th 832, 840.) A trial court has discretion to permit an anti-SLAPP motion to be filed beyond the 60-day deadline (§ 425.16(f)), and "Courts occasionally have to massage statutory time limits for filings in order to accommodate unusual circumstances" (*Morin v. Rosenthal* (2004) 122 Cal.App.4th 673, 679). The trial court thus had discretion to permit Defendants to file their anti-SLAPP motion after the fee arbitration was completed.

C. *Motion for Reconsideration*

Whitworth argues Defendants' anti-SLAPP motion was an improper motion for reconsideration of Defendants' motion to dismiss or stay the action pursuant to the MFAA. The motion to dismiss or stay and the anti-SLAPP motion are entirely different motions. The motion to dismiss or stay was based on a client's right to arbitrate a fee dispute. The anti-SLAPP motion was based upon allegations of constitutionally protected activity.

D. *Sufficient Notice*

Whitworth contends he was not given statutorily required notice of Defendants' anti-SLAPP motion. The argument too has no merit.

Whitworth was served by mail with Defendants' anti-SLAPP motion on August 30, 2023. The motion was noticed for hearing on October 2, 2023. Whitworth was entitled to 21 days' notice of the anti-SLAPP motion. (Code Civ. Proc., § 1005, subd. (b).) He received 33 days, far more than required.

Whitworth contends he was somehow deprived of sufficient notice because Defendants brought an ex parte application to specially set the anti-SLAPP motion or for confirmation that docket conditions did not permit the motion to be heard any earlier. That ex parte application was brought due to the requirement that an anti-SLAPP motion "be scheduled by the clerk . . . not more than 30 days after the service of the motion unless the docket conditions of the court require a later hearing." (§ 425.16(f).) The trial court concluded the court's docket conditions did not allow for an earlier hearing on Defendants' anti-SLAPP motion and ruled the motion would remain on calendar for hearing on October 2, 2023. Neither Defendants' ex

parte application nor the court's ruling on it deprived Whitworth of sufficient notice of the anti-SLAPP motion.

III.

THE TRIAL COURT DID NOT ERR BY GRANTING<br>THE ANTI-SLAPP MOTION

A. *Summary of anti-SLAPP Law and Standard of Review*

"A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (§ 425.16(b)(1).)

Anti-SLAPP motions are resolved through a two-step analysis. (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 384 (*Baral*).) At the first step, the defendant bears the burden of showing the challenged allegations or claims arise out of activity protected under section 425.16. (*Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1061 (*Park*); *Baral, supra*, 1 Cal.5th 376 at p. 384.) If the defendant meets this burden, then, at the second step, the burden shifts to the plaintiff to demonstrate the claims have at least "'minimal merit'" (*Park, supra*, 2 Cal.5th 1057 at p. 1061) by making "a prima facie factual showing sufficient to sustain a favorable judgment" (*Baral, supra*, 1 Cal.5th 376 at pp. 385).

"We review an order granting or denying an anti-SLAPP motion under the de novo standard and, in so doing, conduct the same two-step process to determine whether as a matter of law the defendant met its burden of showing the challenged claim arose out of protected activity and, if so, whether the plaintiff met its burden of showing probability of success."

10

(*Newport Harbor Offices & Marina, LLC v. Morris Cerullo World Evangelism* (2018) 23 Cal.App.5th 28, 42.)

B. *First Step of the anti-SLAPP Analysis*

A defendant bears the burden at the first step of the anti-SLAPP analysis of demonstrating the plaintiff's claim arise out of protected activity as described in section 425.16(e). (*Rand Resources, LLC v. City of Carson* (2019) 6 Cal.5th 610, 620-621 (*Rand*).) The four categories in subdivision (e) describe conduct ""in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue."" (*Rand*, supra, 6 Cal.5th 610 at p. 620.)

A claim arises from protected activity within the meaning of section 425.16(b)(1) if the activity underlies or forms the basis for the claim. (*Park, supra,* 2 Cal.5th 1057, at p. 1062.) In determining whether a plaintiff's claims arise out of protected activity, the court may consider, in addition to the pleadings, declarations and other evidence presented in order to determine what conduct is being challenged, but not to assess the merit of the claims. (*Joslin v. Third Laguna Hills Mutual* (2020) 49 Cal.App.5th 366, 371; *Coretronic Corp. v. Cozen O'Connor* (2011) 192 Cal.App.4th 1381, 1389-1390.)

The allegations of the complaint establish that Whitworth's fraud cause of action arises directly out of protected activity. Acts protected by the anti-SLAPP statute include "statement[s] or writing[s] made before a . . . judicial proceeding" (§ 425.16(e)(1)) and "any written or oral statement or writing made in connection with an issue under consideration or review by a . . . judicial body" (§ 425.16(e)(2)). Such litigation-related activities are viewed expansively and include statements made in preparation or

anticipation of litigation. (*Briggs v. Eden Council for Hope and Opportunity* (1999) 19 Cal.4th 1106, 1115; *Kashian v. Harriman* (2002) 98 Cal.App.4th 892, 908.)

In *Bowen v. Lin* (2022) 80 Cal.App.5th 155, 162 (*Bowen*), the Court of Appeal concluded that communications concealed or withheld to induce an attorney to represent clients were protected under section 425.16(e)(2). In *Pech v. Doniger* (2022) 75 Cal.App.5th 443, 462-463, the Court of Appeal concluded that attorney-client communications made in anticipation of litigation are protected under the anti-SLAPP statute. "Misrepresentation or failure to disclose can be protected petitioning activity for purposes of section 425.16." (*Suarez v. Trigg Laboratories, Inc.* (2016) 3 Cal.App.5th 118, 124; see *Crossroads Investors, L.P. v. Federal National Mortgage Assn.* (2017) 13 Cal.App.5th 757, 779, fn. 9.)

Whitworth's fraud cause of action arises entirely out of statements made—or not made—by Merrell to Whitworth in anticipation of and preparation for potential litigation against Ford Motor Company. Those statements include Merrell's alleged misrepresentations that he was a consumer, he had purchased the truck from CJacks, and repairs to the truck had been done under the manufacturer's warranty, as well as the alleged creation of both a sham contract to falsify the purchase and a fraudulent service contract with Huntington Beach Ford.

As for the interference causes of action, we agree with the trial court that it is not clear from the complaint "how or when Defendants allegedly interfered with any of [Whitworth's] prospective economic advantage." Merrell's declaration submitted in support of Defendants' anti-SLAPP motion fleshes out the allegations of the complaint and clarifies what conduct Plaintiff is challenging. When the complaint is read with

12

Merrell's declaration, as well as the appellant's opening brief, it appears the interference claims are based on the same conduct as the fraud cause of action, and, in addition, upon disagreement over settlement, Merrell's decision to fire Whitworth as his attorney, Merrell's alleged demand that Whitworth not seek his attorney fees and costs, and upon Merrell's rejection of a settlement offer.

Because the conduct underlying the fraud cause of action is protected, that conduct is also protected to the extent Whitworth's interference claims arise out of it. As for Merrell's decision to fire Whitworth, the anti-SLAPP statute protects "conduct in furtherance of the exercise of the constitutional right of petition" (§ 425.16(e)(4)) and "[d]ecisions about hiring and firing one's attorney . . . are within this category" (*Bowen, supra*, 80 Cal.App.5th at p. 162). (See *Taheri Law Group v. Evans* (2008) 160 Cal.App.4th 482, 491 (*Taheri*) ["the 'important right to counsel of one's choice' is . . . well established"].) Communications between Whitworth and Merrell and or attorney Saccuzzo regarding substituting Whitworth out as counsel likewise would fall within this category.

Merrell's alleged demands that Whitworth not seek his attorney fees and costs are protected as a communications "'made in connection with an issue under consideration or review by a . . . judicial body.'" (*Taheri, supra*, 160 Cal.App.4th at p. 489.) In *Bowen*, the attorney alleged that former clients intended to have him litigate a case until just before trial, at which point they would terminate his legal services, refuse to pay his fees, and settle the case on their own. (*Bowen, supra*, 80 Cal.App.5th at p. 162.) The Court of Appeal concluded that communications between the former clients and new counsel regarding settling the case were protected under section 425.16(e)(2) as made

13

in connection with an issue under consideration by a judicial body. (*Bowen, supra,* at p. 162.)

Whitworth's claim that Merrell tried to deny Whitworth his attorney fees appears also to be based upon Merrell's rejection of a settlement offer that would have paid those fees. Merrell's declaration sets forth the communications between Merrell and Whitworth regarding settlement. Settlement negotiations and the decision whether to accept a settlement offer are quintessential litigation-related activities. "Communications in the course of settlement negotiations are protected activity within the scope of section 425.16." (*Suarez v. Trigg Laboratories, Inc., supra*, 3 Cal.App.5th at p. 123.) The anti-SLAPP statute protects "communicative conduct" in furtherance of a person's constitutional right of petition or free speech. (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1056.) Merrell's rejection of a settlement offer is such communicative conduct. Moreover, "[a] client's right to reject settlement is absolute." (*Estate of Falco* (1987) 188 Cal.App.3d 1004, 1018.)

C. *Second Step of the anti-SLAPP Analysis*

At the second step of the anti-SLAPP analysis, the burden shifts to the plaintiff to demonstrate the claims have at least "'minimal merit'" (*Park, supra*, 2 Cal.5th at p. 1061) by making "a prima facie factual showing sufficient to sustain a favorable judgment" (*Baral, supra*, 1 Cal.5th at p. 385; *id*. at p. 396). Proof at the second step of the anti-SLAPP statute "must be made upon competent admissible evidence." (*Monster Energy Co. v. Schechter* (2019) 7 Cal.5th 781, 788.)

The court accepts the plaintiff's evidence as true and does not weigh evidence or resolve conflicting factual claims. (*Baral, supra*, 1 Cal.5th at p. 384.) If the plaintiff's evidentiary showing would be "sufficient to sustain

14

a favorable judgment," then the anti-SLAPP [motion] should be denied. (*Id.* at p. 396.) "If not, the claim is stricken" and "[a]llegations of protected activity supporting the stricken claim are eliminated from the complaint, unless they also support a distinct claim on which the plaintiff has shown a probability of prevailing." (*Ibid.*)

In the appellant's opening brief, Whitworth does not cite to any evidence he presented to the trial court to satisfy his burden at step 2 of anti-SLAPP analysis. Although the appellant's opening brief has a subsection with the heading "The Evidence is Plaintiff Can and Did Prevail," Whitworth does not cite in that subsection to any evidence in the appellate record. Whitworth therefore has not met his burden as appellant of demonstrating error justifying reversal. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.)

We have nonetheless reviewed the record and conclude Whitworth did not make an evidentiary showing sufficient to meet his burden at step two. In opposition to the anti-SLAPP motion, Whitworth submitted his own declaration, but it offers little relevant evidence. The declaration consists primarily of accusations of wrongdoing against Merrell and his current counsel and of repeating allegations made in the complaint. (*Newport Harbor Offices & Marina, LLC v. Morris Cerullo World Evangelism, supra*, 23 Cal.App.5th at p. 49 ["In meeting his burden at the second step, Whitworth cannot rely on his own pleading"].) The declaration includes as exhibits print copies of e-mail communications, but these support the conclusion that Whitworth's claims arise out activity protected by the anti-SLAPP statute.

It is notable that Whitworth's declaration does not mention anything about the misrepresentations allegedly made by Merrell to induce Whitworth to represent him or offer any proof such misrepresentations were

15

actually made and were false. Nor does the declaration offer evidence to support claims that Defendants interfered with Whitworth's business relationships with third parties or with Merrell. In any case, Merrell cannot be held liable for interfering with his own contractual or business relationship with Whitworth. (*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.* (1994) 7 Cal. 4th 503, 514.)

Whitworth argues, without citation of authority, that the order denying the motion to strike the complaint or stay action and the decision in the mandatory fee arbitration are collateral estoppel and bar the anti-SLAPP motion. An order on a motion to strike or stay is not a final adjudication and therefore has no collateral estoppel effect. (*Samra v. Matar* (2018) 5 Cal.5th 322, 326.) Moreover, as we have explained, the motion to dismiss or stay and the anti-SLAPP motion are entirely different motions.

Whitworth argues repeatedly he prevailed in the fee arbitration and that alone is sufficient to meet his burden at the second step of the anti-SLAPP analysis. There is no copy of the arbitration decision in the appellate record. A copy of the arbitration decision is an exhibit to the petition to confirm arbitration award, but we have stricken that petition from the appellant's appendix. Whitworth submitted two, nearly identical, declarations in opposition to the anti-SLAPP motions. Both declarations state the arbitration decision is attached as exhibit D. However, the arbitration decision does not appear in the appendix as an exhibit to either declaration.

The only issue presented to the arbitration panel would have been recovery of attorney fees. (Bus. & Prof. Code, § 6201, subd. (b).) The arbitration panel would not have addressed Whitworth's claims of fraud and the arbitration would not have resulted in an adjudication of the claims

16

presented by Whitworth's complaint or in a determination of whether those claims are barred by the anti-SLAPP statute.

D. *No Prejudice to Whitworth*

Under a separate heading, Whitworth argues he suffered prejudice from the trial court's rulings on Defendants' anti-SLAPP motion and two ex parte applications. He argues "[t]he prejudice to [Whitworth] and Appellant is evident knowing Merrell lost the very arguments in the Arbitration because he was not telling the truth and hiding evidence during the fee arbitration." Defendants could not have lost their anti-SLAPP arguments in the fee arbitration because, as we have explained, the only issue that could have been presented to the arbitration panel was recovery of attorney fees. Whitworth argues Merrell "lost the first attempt to dismiss the matter" but as we have explained, the first motion to dismiss and or stay was not that same as the anti-SLAPP motion.

Whitworth argues Defendants were "dilatory" in bringing the anti-SLAPP motion. We have concluded the anti-SLAPP motion was timely. Whitworth also contends the trial court "blessed this dilatory conduct" and "blessed [Merrell's] fraud ignoring the Arbitration panel's findings that were binding." This court has made clear, unfortunately on more than one occasion, that "[i]mpugning the integrity of the trial judge without facts is rarely a good idea [citation], and serious accusations against a trial judge, such as these, had better be supported by concrete evidence." (*Cornerstone Realty Advisors, LLC v. Summit Healthcare REIT, Inc.* (2020) 56 Cal.App.5th 771, 793; see *Deck v. Developers Investment Co., Inc.* (2023) 89 Cal.App.5th 808, 830-831.) Whitworth offers no evidence to support his accusations.

DISPOSITION

The order granting in part Defendants' anti-SLAPP motion is affirmed. Defendants may recover costs on appeal.


SANCHEZ, J.

WE CONCUR:


MOORE, ACTING P. J.


DELANEY, J.